UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON OWENS and MICAH PACK, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:11-CV-1435-B |
| § | |
| MARSTEK, LLC, SKCMK, LLC, and § | |
| STEVEN KAHN, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion for Summary Judgment (doc. 17), filed on November 19, 2012 by Plaintiffs Shannon Owens and Micah Pack. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.

### I.

### BACKGROUND

In this Fair Labor Standards Act ("FLSA") action, Plaintiffs Shannon Owens and Micah Pack state that they were employees of Defendants SKCMK, LLC and Marstek, LLC, doing business as "Condom Sense," owned by Defendant Steven Kahn. Doc. 1, Compl. ¶¶ 16-17. Plaintiffs allege that they were paid hourly wages but did not receive paid-time-and-one-half for the overtime hours they worked in excess of 40 hours per week. *Id.* ¶ 20. Defendants allege that the United States Department of Labor ("DOL") previously investigated Defendants' payment practices and already determined the amount of payment owed to Plaintiffs. Doc. 20, Resp. at 2-3. Defendants state that they have tendered the amount established by the agency to Plaintiffs, which Plaintiffs rejected. *Id.*

at 3.

Plaintiffs filed a Complaint (doc. 1) on June 29, 2011. They allege a single cause of action for Defendants' failure to pay wages in accordance with Sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 215(a)(2). Doc. 1, Compl. ¶ 26. Plaintiffs seeks unpaid back wages, liquidated damages, attorney's fees, costs, and pre- and post-judgment interest. *Id.* ¶ 27. On November 19, 2012, Plaintiffs filed a Motion for Summary Judgment (doc. 17). The Motion has been briefed and is ripe for review. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.

## LEGAL STANDARDS

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). Accordingly, Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.* When the movant bears the burden of proving an affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements." *Bank of La. v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(per curiam). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Id.* Nevertheless, a non-movant may not simply rely on the Court to sift through the record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant does provide must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This evidence must be such that a jury could reasonably base a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

### III.

### ANALYSIS

A. *Department of Labor Settlement*

Plaintiffs move for summary judgment, asserting that the undisputed summary judgment evidence shows that Plaintiffs are entitled to recover under their FLSA claim. Doc. 17, Br. at 1. In

Response, Defendants assert that the DOL completed a separate investigation of this matter and that Defendants have tendered to Plaintiffs the amounts of unpaid overtime as determined were owed in accordance with the DOL investigation. Doc. 20, Resp. at 1-2. Defendants further state that Plaintiffs refused the tendered amount and thus have no damages. *Id.* at 2-3. Defendants support their argument with excerpts from both Plaintiffs' depositions. Defendants do not otherwise counter Plaintiffs' factual allegations or argument.

Plaintiffs reply that the settlement between the DOL and Defendants is irrelevant because Plaintiffs are not required to participate in that settlement, but may instead file their own cause of action. Doc. 22, Reply at 4. Plaintiffs cite multiple cases supporting this proposition. *See, e.g.*, *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 720 (W.D. Tex. 2010) (explaining that Plaintiffs have a right to reject settlement offers provided in conjunction with the DOL and that acceptance of such offers is valid only where (1) the employer tenders "payment in full" and (2) the employee agrees "to accept such payment"); *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 538-40 (5th Cir. 1977) (explaining that agreements between employer and employee and supervised by the DOL are valid only when the employee agrees to accept the payment and the payment was made in full). The Court agrees with Plaintiffs that the settlement reached between the DOL and Defendants has no bearing on Plaintiffs' ability to bring this case since Plaintiffs did not accept the tendered offer because they found it too low.

B.   *Summary Judgment*

The Court now turns to Plaintiffs' Motion to determine whether it shows that Plaintiffs are entitled to relief. Employers are required under the FLSA to compensate non-exempt employees at overtime rates for time worked over a statutorily-defined number of hours. 29 U.S.C. § 207(a). To

support its Motion, Plaintiffs submit Declarations of Owens, Pack, and former co-worker Malcolm Ferrell; Defendants' "Time Clock Reports" for Plaintiffs; and the depositions of Kahn, Owens, and Pack. Plaintiffs' briefing and supporting evidence demonstrates that Defendants are an enterprise covered by the FLSA, Plaintiffs were employees of Defendants, Plaintiffs worked more than 40 hours week during multiple work weeks, and Defendants paid Plaintiffs their regular pay rates as compensation for overtime hours instead of pay-and-a-half. In response, Defendants fail to sufficiently raise any dispute of fact that would preclude disposition on summary judgment. Defendants further fail to take issue with Plaintiffs' legal arguments or provide any legal argument or citation in opposition. Accordingly, the Court concludes that Defendants are liable to Plaintiffs for violating the FLSA by refusing to adequately compensate Plaintiffs for their overtime work.

C.   *Damages*

Although the Court concludes that Defendants are liable to Plaintiffs, the Court is unable to determine the amount of damages owed based on the summary judgment briefing submitted by the parties. Plaintiffs provide declarations explaining the amount of overtime worked and the amount of pay that they should have received, but they do not explain how the "extra money" added to their paychecks offsets the amount that they believe is owed. *See* doc. 17-1, Owens Aff. ¶ 5; doc. 17-1, Pack Aff. ¶ 5. Accordingly, the Court cannot determine the amount of damages owed at this stage of summary judgment.

IV.

CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment (doc. 17) is hereby **GRANTED**. The parties are subsequently **ORDERED** to brief the Court on the issue of damages.

Plaintiffs shall submit briefing on the amount of damages owed, including fees and costs, no later than **FEBRUARY 1, 2013**. The parties may submit responses and replies under the normal deadlines.

SO ORDERED.

SIGNED: January 2, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE