## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON OWENS and MICAH PACK, individually and on behalf of all similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:11-cv-1435 - B |
| v. | § § | |
| MARSTEK, LLC; SKCMK, LLC and STEVEN KAHN, individually, | § § | Jury Demanded |
| | § | |
| Defendants. | § | |

### MOTION FOR DAMAGES AND ATTORNEYS' FEES AND COSTS

Plaintiffs Shannon Owens and Micah Pack (collectively, "Plaintiffs") sued Defendants Marstek, LLC; SKCMK, LLC and Steven Kahn (collectively, "Defendants") for failing to pay them wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. As described in this Motion, the FLSA mandates an award of reasonable attorneys' fees to a prevailing plaintiff. The Court has granted Plaintiffs' Motion for Summary Judgment, finding Defendants liable for violation of the FLSA. (See Dkt. No. 23). The Court has requested that Plaintiffs provide additional briefing on damages and attorneys' fees and costs. Plaintiffs submit the following brief in support of their request for damages and attorneys' fees and costs.

### A. PLAINTIFFS ARE OWED DAMAGES IN THE AMOUNT OF THEIR UNPAID BACK WAGES AND AN EQUAL AMOUNT IN LIQUIDATED DAMAGES.

The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee

receives compensation for his employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).    Plaintiffs who demonstrate their employer failed to pay them in accordance with the FLSA are entitled to back wages and liquidated damages.  29 U.S.C. §§ 207(a) and 216(b).

   1.    **Plaintiffs Are Owed Back Wages.**

   The Court has found that Plaintiffs were paid straight time for overtime and as a result were denied the additional half time they are owed as overtime compensation under the FLSA. (Dkt. No. 23 p. 5).  Plaintiff Owens has testified she is owed $ 2,006.55 in unpaid overtime wages.  (Plaintiffs' App. to MSJ p. 2, ¶ 6).  Plaintiff Pack has testified he is owed $ 5,653.64 in unpaid overtime wages.  (Plaintiffs' App. to MSJ p. 4, ¶ 6).   Defendants' Response to Plaintiffs' Motion for Summary Judgment articulated that Defendants had tendered back wages to Plaintiffs in the amounts found to be owed by the DOL.

   Upon finding extra money in their paychecks, both Plaintiff Owens and Plaintiff Pack asked about the extra money.  (Exh. 1, ¶ 2; Exh. 2, ¶ 2, App. pp. 1 – 2).  Once they realized the money was part of a Department of Labor settlement for back wages, Plaintiffs informed Defendant they did not want the money and asked that it be taken out of their regular paychecks. (*Id.*)  At that point, Defendants continued to issue separate checks to Plaintiffs for installment payments of the DOL settlement amounts.  (*Id.*)  Plaintiffs returned those checks to Defendants and did not accept any money in payment of their back wages.  (*Id.*)  Because Plaintiffs did not accept any money from the Department of Labor settlement, Defendants are not entitled to any offset from the DOL supervised settlement for the damages owed in this lawsuit.  Furthermore, Defendants cannot prove that they are entitled to any offset.

**2.      Plaintiffs Are Owed An Equal Amount in Liquidate Damages.**

Under 29 U.S.C. § 216(b), employers who violate the FLSA's overtime provisions "shall be liable to the … employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." (emphasis added).  Plaintiffs are entitled to liquidated damages unless Defendants prove that their failure to pay overtime compensation was in good faith.  29 U.S.C. § 260.  The burden is on the Defendants to show "…that the act or omission giving rise to such action was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).  Defendants have the "substantial burden" of proving both their subjective good faith in taking their actions and that they were on objectively reasonable grounds to do so.  *Id.*  There is a strong presumption in favor of imposing full liquidated damages under the Act.  *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).  In order to avoid the imposition of liquidated damages, Defendants must present sufficient evidence to overcome this strong presumption in favor of such damages.  Condom Sense has not presented any evidence to combat the presumption of an award of liquidated damages.  Accordingly, the Court must award Plaintiffs liquidated damages in an amount equal to their unpaid wages.

**B.      PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS**

In addition to their back pay awards, prevailing plaintiffs are entitled to an award of reasonable attorneys' fees.  29 U.S.C. § 216(b).  In fact, the award of reasonable attorney's fees to a prevailing plaintiff is ***mandatory*** in an FLSA case.  *Id.* (the Court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant" (emphasis added)); *see also Graham v. Henegar,* 650 F.2d 732, 736 n. 8 (5th Cir.

1981) ("this Court has held that an award of attorney's fees to a prevailing plaintiff in an FLSA suit is mandatory.").  This is true regardless of the size of the plaintiff's recovery.  *Carrasco v. Texas Trans. Instit.,* 908 S.W.2d 575, 580 (Tex. App.–Waco 1995) (FLSA action) (citing *Lee v. Coahoma County, Miss,* 937 F.2d 220, 227 (5th Cir. 1991); *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994)).  Given the nature of overtime claims in FLSA actions, it is not uncommon that attorneys' fees requests exceed the amount of a plaintiff's recovery in the case.  *See Prater v. Commerce Equities Management Co., Inc.*, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008) (citing *Powell v. Carey Intern.*, Inc., 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008)).

Moreover, the purpose of the FLSA attorney fee provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances."  *Fegley,* 19 F.3d at 1134.  Thus, it is improper for a court to place undue emphasis on the amount of the plaintiff's recovery in determining the amount of the fee award because an award of attorney fees "encourage[s] the vindication of congressionally identified policies and rights."  *Id.* at 1134-35.

To promote this goal and ensure that employees of modest earnings (such as Plaintiffs) are not denied their federal right to overtime pay, many courts have awarded considerable attorney's fee awards even where the plaintiff's recovery is comparatively small. *See Lucio-Cantu v. Vela,* 239 Fed. Appx. 866, 868-69 (5th Cir. 2007) (per curiam) (awarding $51,750 in fees for obtaining $9,393.58 in FLSA action); *Young v. Sea Horse Venture IV, LLC*, 2009 WL 614823, at *1 (N.D. Tex. Mar. 10, 2009) (J. Lynn) (awarding $44,965.25 in fees for recovering $16,402.62 in FLSA action); *see also Rivera v. Riverside*, 763 F.2d 1580, 1581-83 (9th Cir. 1985) (awarding $245,456.25 in fees for obtaining a $33,350.00 judgment); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (awarding $160,000 in fees for obtaining

a $33,000 judgment); *Morris v. Eversley*, 343 F.Supp.2d 234, 248 (S.D. N.Y.2004) (awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in damages).

1.    **PLAINTIFFS ARE "PREVAILING PLAINTIFFS" UNDER THE LAW.**

Plaintiffs' FLSA claim sought the recovery of unpaid overtime wages, liquidated damages, attorneys' fees, and costs.    Despite making numerous overtures to try to resolve this case early on in the process, Defendants refused to settle.    Accordingly, Plaintiffs were forced to file a Motion for Summary Judgment on their claims for unpaid overtime wages.    (Dkt. No. 17). The Court granted Plaintiffs' Motion on January 2, 2013, (Dkt. No. 23).    The Court's Order determined that Plaintiffs were employees entitled to overtime compensation under the law, making Plaintiffs "prevailing plaintiffs" under the law.

2.    **ATTORNEYS' FEES**

The Fifth Circuit employs the lodestar method for determining the reasonableness of attorney's fees in FLSA actions.    *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).    A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.    *Id*.    While the court may then increase or decrease the lodestar based on the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit has recognized that the lodestar is presumptively reasonable and should be disturbed only in exceptional cases.    *Saizan v. Delta Concrete Products Co*., 448 F.3d 795, 800 (5th Cir. 2006).

The *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the

experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Of the 12 *Johnson* factors, the Fifth Circuit has recognized that courts should give special heed to time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. *Saizan*, 448 F.3d at 800 (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)).

<u>*Time and Labor Involved*</u>

In this action, Plaintiffs' application for attorney's fees is reasonable. The Court has had first hand opportunity to observe the nature and extent of the services provided by Plaintiffs' counsel and is permitted to rely on its own observations on the litigation. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 318, 327 (5th Cir. 1995). Moreover, Plaintiffs' counsel has submitted time records that are kept contemporaneously or near the time that the services were performed.[1] (*See* Mathews Decl. at ¶ 6, Ex. 3, App. pp. 4 - 5). This action did require expenditure of a relatively significant amount of time. (*Id*. at ¶ 5, Ex. 3, App. p. 4). Counsel was required to go all the way through the discovery process, including sending written discovery requests as well as taking and defending depositions. *Id.* This action also required the review of a substantial number of documents, namely in the form of clock in and clock out records. *Id.* In addition, counsel spent a substantial amount of time researching, drafting and preparing a Motion for Summary Judgment, which was ultimately granted. *Id.*

Plaintiffs' counsel's time records for this action are attached as Exhibit 4. (*See* Time

---

[1]    *See Hensley v Eckerhart*, 461 U.S. 424, 437 n. 12 (1983) ("Plaintiff's counsel…is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.").

Records, Ex. 4, App. pp. 7 - 11).  These records document the time and labor actually expended in this case.  (Mathews Decl. at ¶ 6, Ex. 3, App. pp. 4 - 5).  As these records reflect, Plaintiffs' counsel has exercised billing judgment. (*Id*.)  The time records also omit hours that may have been unproductive, redundant, or excessive. (*Id*.)

Plaintiffs' counsel dedicated a total of 113.5 hours to this action. (*See* Mathews Decl. at ¶ 9, Ex. 3, App. p. 5).  Plaintiffs respectfully submit that these records, and the Court's experience, provide a reasonable basis for the Court to ascertain the nature and extent of the services provided.

*Customary Fee and Experience, Reputation and Ability of Counsel*

In addition, Ms. Mathews' declaration details the normal and customary rates charged by Plaintiffs' attorney.  (*See* Mathews Decl. at ¶ 7, Ex. 3, App. p. 5).  Plaintiffs request a reasonable hourly rate of $295 per hour for Ms. Mathews' time, $495 per hour for Derek Braziel's time and $190 for the senior paralegal's time.  (*Id*.).  Ms. Mathews has been licensed to practice law since 2006.  Ms. Mathews exclusively practices employment law with an emphasis on compensation disputes such as overtime pay. (*Id.* at ¶¶ 2 - 4, Ex. 3, App. pp. 3 - 4).

Ms. Mathews received her undergraduate degree from the Baylor University. (*See* Mathews Decl. at ¶ 2, Ex. 3, App. p. 3).  She graduated from Baylor University School of Law. While in law school Ms. Mathews was a member of National Championship Mock Trial team at the American Trial Lawyer Association Mock Trial competition.  (*Id*.)  Ms. Mathews was also a member of other various competitive mock trial and moot court teams while in law school.  (*Id*.)

Lee & Braziel, LLP is a litigation boutique that represents employees in employment-related disputes.  The hourly rate requested in this petition is consistent with the rates that Lee & Braziel charges to many clients who are billed on an hourly basis and, thus, is well within the

bounds of what is normal and customary in the Dallas area. (*Id*. at ¶ 7, Ex. 3, App. p. 5).

In addition, the requested hourly rate is consistent with the rates charged by other employees' rights lawyers of comparable experience, reputation and ability in the Dallas area who practice FLSA wage and hour law. (*See* Mathews Decl, ¶ 8, App. p. 5).  In fact, this Court has found rates substantially similar to these, previously submitted by Plaintiffs' counsel to be reasonable.[2]  (*See*  Exhibit 5, Court's Order in *Nester v. Ferguson Fire*, Civ. Action No. 3:11-cv-1816 – B, App. p. 15).

### Whether the Fee is Fixed or Contingent

Plaintiffs' counsel undertook this matter on a contingency fee basis, assuming all risk of loss associated therewith. (*See* Mathews Decl. at ¶ 11, Ex. 3, App. p. 6). *See Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc) ("Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful from those who are assured compensation, regardless of result.").   As acknowledgment of Plaintiffs' financial circumstances, Plaintiffs' counsel has accepted no monies from Plaintiffs for fees and costs and instead will only accept those amounts as determined and approved by the Court. (*Id*.)

### Desirability of Case, Length of Professional Relationship, Amount Involved, Results Obtained, and Preclusion of Other Employment

Plaintiffs' counsel accepted this case even though some might have considered it "undesirable" because: (1) Ferrell and Pack have relatively small claims relative to those cases frequently litigated in federal court; (2) Plaintiffs have modest financial means and could not contribute even out-of-pocket expenses incurred in connection with the action; and (3) there is little or no prospect for any continuing profitable attorney-client relationship between the Plaintiffs and their counsel.

---

[2] Plaintiffs' counsel's rates have been adjusted for 2013, and are slightly higher than they were when this Court previously approved them.

Plaintiffs' counsel accepted the case because of the important principle of vindicating Plaintiffs' statutory right to overtime pay which attaches regardless of whether or not a litigant earns a large wage or a small one. (*See* Mathews Decl. at ¶ 12, Ex. 3, App. p. 6).  Moreover, while the amount in controversy may be small relative to other actions before the Court, the importance of the case to the Plaintiffs cannot be overstated.  (*Id*.)  The amounts recovered will help Plaintiff Owens pay for her school, and will help Mr. Pack pay for his living expenses.  (*Id*.)  The outcome achieved, therefore, is significant.

By accepting Plaintiffs' case, Plaintiffs' counsel was precluded from accepting other employment.  (*See* Mathews Decl. at ¶ 13, Ex. 3, App. p. 6).  If Plaintiffs' counsel had not expended its time and resources on this case, she would have devoted his time and resources to other cases and compensable work. (*Id.)*  Counsel has forgone the opportunity to perform other work for clients that would likely have paid far more quickly and profitably. (*Id*.)

*Novelty and Difficulty of Questions, Skill Required, and Time Limitations*

FLSA litigation unquestionably is a highly specialized area of employment litigation; one which Ms. Mathews dedicates almost 100 percent of her practice. (*See* Mathews Decl. at ¶ 3, Ex. 3, App. p. 3).  Ms. Mathews exercised efficiency and economy in expeditiously moving this case to a resolution.  Nonetheless, this action did not involve particularly novel or difficult factual or legal questions.  Rather, the greatest obstacle to a resolution was Defendants' absolute refusal to try to resolve this case prior to extended litigation, thus forcing Plaintiffs to move for Summary Judgment.  (*Id*. at ¶ 5, Ex 3, App. p. 4).

The time limitations factor focuses on limitations imposed by the client or the circumstances.  *Castel v. Advantis Real Estate Srvs. Co*., 2008 WL 3348774, at *4 (E.D. Va. Aug. 8 2008).  Plaintiffs' financial standing and life situations necessitated a litigation strategy

that focused on a swift resolution.  Ms. Mathews, therefore, moved diligently to obtain a desired outcome. (*See* Mathews Decl. at ¶ 5, Ex. 3, App. p. 4).

*Other Factors*

There is a "strong presumption" that the lodestar amount is reasonable.  *Saizan v. Delta Concrete Products Co*., 448 F.3d 795, 800 (5th Cir. 2006).  In this case, neither an increase, nor a decrease, is warranted because Plaintiffs' fee request is consistent with the Fifth Circuit's guidance on proportionality.

In *Saizan*, the Fifth Court stressed that "there is no *per se* proportionality rule" when determining a reasonable fee relative to a plaintiff's recovery. 448 F.3d at 802.  Nevertheless, the Fifth Circuit observed that it previously reversed an award of attorney's fees where the plaintiff's prayer sought twenty-six times the damages actually awarded and the resultant fee award was over six and one-half times the amount of damages awarded.  *Id*. (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998)).  Since *Saizan*, the Fifth Circuit has affirmed the award of an attorney's fee application in a FLSA action that was five and one-half times the amount of the plaintiffs' recovery.  *See Lucio-Cantu v. Vela,* 239 Fed. Appx. 866, 868-69 (5th Cir. 2007) (per curiam).

In light of the quality and efficiency of the legal services provided, the customary rates for these services, the time expended in performing these services, the contingency fee basis of the representation, the preclusion of other employment due to the case, the success achieved, Plaintiffs' counsel's experience, reputation and ability, Plaintiffs' counsel's billing judgment, the case's relative undesirability, and Plaintiffs' lodestar is in line with the *Lucio-Cantu* proportionality benchmark, the requested award of $30,050.85 in attorney's fees is reasonable without modification.

**3.     COSTS**

In addition, the Plaintiffs seek the award of costs associated with the prosecution of this matter, totaling $2,358.20.  (*See* Mathews Decl. at ¶ 10, Ex. 3, App. pp. 5 - 6).  These costs largely are for the filing fee, service of the summons, mediation fee and deposition fee.  This account excludes expenses for electronic legal research such as Westlaw and Lexis, PACER, facsimile transmissions, and postage because these costs are considered to be part of the law firm's overhead.  (*Id.*)

**C.  CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request the Court award Plaintiff Shannon (Owens) Ferrell back wages in the amount of $ 2,006.55 and an equal amount in liquidated damages, Plaintiff Micah Pack back wages in the amount of $5,653.64 and an equal amount in liquidated damage.  Plaintiffs also request that the Court order Defendants to pay Plaintiffs' counsel fees in the amount of $30,050.84 and costs in the amount of $2,358.20 within 10 days of the Order awarding these fees.

RESPECTFULLY SUBMITTED,

*/s/ Meredith Mathews*_____

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATTHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with counsel for Defendant in an effort to resolve the issue presented in this Motion.  Defendant's counsel advised that Defendant is opposed to the relief sought in this motion.  Therefore this motion is presented to the Court for a determination.

*/s/ Meredith Mathews*_____
Meredith Mathews

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2013, a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

*/s/ Meredith Mathews*_____
Meredith Mathews